PRZYTULSKI *v.* JOZWIAK.

EXCHANGE OF PROPERTY—FRAUD—MONEY DECREE.

> Where, in a suit to rescind an exchange of plaintiff's equity in a lot on which was a store building for farm land owned by defendant, it appeared that defendant fraudulently induced the exchange by showing plaintiff different land from that actually conveyed to him, and that defendant had disposed of the equity received from plaintiff, a money decree of $2,000 in favor of plaintiff was justified.[1]

Appeal from Alcona; Emerick (Frank), J., presiding.    Submitted January 21, 1925.    (Docket No. 99.)  Decided April 3, 1925.    Rehearing denied June 18, 1925.

Bill by Antoni Przytulski and another against John F. Jozwiak and another to set aside an exchange of

[1] Exchange of Property, 23 C. J. § 99.

land on the ground of fraud.    From a decree for plaintiffs, defendants appeal.    Modified and affirmed.

*Herman Dehnke,* for plaintiffs.

*Kinnane & Leibrand,* for defendants.

CLARK, J.    Plaintiff held as a contract purchaser a lot on which was a store building in which he carried on a small grocery business, living with his family in the second story of the building.    The contract recited a consideration of $6,400, $1,285 paid, balance of $5,115 to be paid in monthly installments, later reduced to $4,940.    He was not prosperous, and not in good health.    He wanted to trade his equity, valued by him at $2,000, for farm land.

Defendant John F. Jozwiak, owning upwards of 3,000 acres in Alcona county, in which he was actively engaged in trading, and learning of plaintiff's wants, proposed a trade.    They went to Alcona and saw some land.    Plaintiff assigned his contract equity, accepted deed of Alcona land, and gave back a mortgage of $536 on such land.    The bill prays rescission.    Before suit, said defendant disposed of the contract equity.    The trial court set aside the deed, and the mortgage and its notes, found the fair value of the contract equity at the time of assignment, April 19, 1918, to be $2,000, and decreed that defendants pay that sum to plaintiff.

It is established that plaintiff was shown a piece of land and that in closing the deal a different piece was conveyed to him.    Of the piece shown plaintiff, he testified:

"I wanted to farm this land.    When I see nice clearings and nice creeks I figure to buy cow and make little shanty and cut hay for my cow in winter time."

Of the piece conveyed, he said:

"I don't know much about land but it is hilly, too

much hilly, go up and down all of time, awful hilly, no stumps, no grass, no nothing, only sand.  *   *   * That wasn't the same kind of land that he showed me, this is different; this is nice and level and had creek on. The other one is hilly and sand and no good."

Defendants have appealed.

The fraud is established.    The chief question is the value of the contract equity.    The evidence takes a wide range.    There is considerable testimony that the equity was worth $2,000 and upwards.    There is testimony of reproduction cost of the building, historical cost of both lot and building, of assessed valuation, insurance, and bank appraisal for loan; some of it tended to show little or no value in the equity.    Said defendant testified that on this equity "I was over $3,000 to the bad," that he traded such equity for a lot worth $200 with $500 against it.    But, as we read the record, he made profit on a trade of this lot, how much does not .appear.    Judge Emerick gave said defendant opportunity to disclose frankly just what he had realized on the transfer of such equity, but the testimony on the subject is unsatisfactory and we think evasive.    Considering all credible evidence of value, we are constrained to agree with the trial judge.

The money decree runs also against the other defendant, the wife, Mrs. Jozwiak.    This probably was inadvertent and should have been called to the attention of Judge Emerick.    She will be dropped from the money decree, without costs.    Plaintiffs will have costs against defendant John F. Jozwiak.

Decree, so modified, is affirmed. ˙

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.